## 16077.    HUFF *v.* THE STATE.

LUKE, J. No reversible error is shown by the special grounds of the motion for a new trial, and there was sufficient evidence to authorize the verdict. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 27, 1925.

Indictment for manufacture of liquor; from Madison superior court—Judge Hodges. November 15, 1924.

Application for certiorari was denied by the Supreme Court.

The special grounds of the motion for a new trial were as follows:

4. The court erred in allowing E. L. McCannon, a witness for the State, to testify: "Barnett was down in the gully with a shovel doing something, and Mr. Huff (the defendant) stepped down on the bank, and pointing down there and telling him to do something, but I could not tell what;" over the objection that the statement, "telling him to do something," was a conclusion, as the witness testified that he did not hear what was said.

5. The court erred in refusing to declare a mistrial as requested

by the defendant when the solicitor-general said in the presence of the jury, "I want to prove, if I can, a commission by him (the defendant) of a similar crime to the one involved in this indictment;" on the ground, then stated, that the remark was improper and prejudicial. The court disallowed the proof offered by the solicitor-general.

6. The court erred in refusing to declare a mistrial when requested by the defendant, upon the solicitor-general remarking to the defendant's attorney, in the presence of the jury, "I don't doubt but what you would like to shut me off;" the motion for a mistrial being then urged on the ground that the remark was improper and that this was the second offense of the solicitor-general. Immediately before overruling this motion the court said to the jury: "The solicitor-general made that remark and it was improper. The jury are not to consider it and are not to become prejudiced by it."

7. The court erred in allowing W. H. Hall, the sheriff of the county, to testify (over the objection that it was irrelevant) that he went to the defendant's house two or three times that year (1924).

8. The court erred in not charging the jury on the theory of an attempt to manufacture liquor, the indictment charging both the offense of manufacturing and the offense of attempting to manufacture liquor, and there being evidence on which the jury might have found the defendant guilty of the latter offense.

9. Because the defendant was charged with the offense of manufacturing whisky on July 11, 1924, and had been previously indicted in the same court for the offense of manufacturing liquor on July 13, 1923, and one of the grand jurors, B. M. Strickland, who found the last-mentioned indictment was a trial juror in the instant case, and in this case the State introduced testimony charging the offense of manufacturing liquor on the date mentioned in the indictment in the instant case and also introduced evidence as to the manufacture of liquor, the possession of liquor, and the possession of distilling apparatus by the defendant for four years antedating the offense charged in the instant case and in support of the indictment wherein E. M. Strickland was a grand juror. "There was no evidence . . on the trial of the instant case that there was pending the indictment of July 13, 1923." Neither the

defendant nor any of his counsel knew until after the trial that B. M. Strickland was a grand juror as aforesaid.

*Carlisle Cobb, Lamar C. Rucker,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.